**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Benjamin GARCIA, Defendant—
Appellant.**

**No. 07–10491.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 26, 2008.

Irene C. Feldman, Esquire, Christina Marie Cabanillas, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jeffrey D. Bartolino, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, BEEZER, and BYBEE, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Benjamin Garcia ("Garcia") interlocutorily appeals the district court's denial of his motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The parties know the facts of the case and we do not repeat them here.

**I**

Garcia argues that the district court erred in sua sponte declaring a mistrial because manifest necessity did not exist. We disagree. Although the parties dispute whether the standard of review is

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for plain error or abuse of discretion, under either standard Garcia's argument lacks merit. It was the jury's collective opinion that it could not agree on a verdict. *See United States v. Banks,* 514 F.3d 959, 974 (9th Cir.2008). The length of the trial was relatively short and the issue was not complex. *See id.* The jury had sufficient time to deliberate. *See id.* The jury may have felt exhausted or coerced had the district court ordered additional deliberations. *See id.* The district court did not err in declaring a mistrial because manifest necessity existed.

## II

Garcia similarly argues that the Double Jeopardy Clause of the Fifth Amendment bars his retrial. We review de novo. *See Weston v. Kernan,* 50 F.3d 633, 636–37 (9th Cir.1995). Retrial of Garcia is not barred because manifest necessity existed. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1029 (9th Cir.2000).

**AFFIRMED.**